No. 67,959

STATE OF KANSAS, *Appellant,* v. MICHAEL W. TRAMMELL, *Appellee.*

(850 P.2d 249)

Opinion filed April 16, 1993.

*Debra S. Byrd,* assistant district attorney, argued the cause, and *Rachelle Worrall Smith,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellant.

*Daniel E. Monnat,* of Monnat & Spurrier, Chartered, of Wichita, argued the cause, and *Stanley Spurrier III,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The defendant, Michael W. Trammell, was charged in three separate counts with violations of K.S.A. 40-247. The gist of the complaints was that the defendant, acting as an insurance agent, collected money from prospective customers for the purchase of annuities but failed to pay over the money to the insurance company. After the opening statement by the State, the defendant moved for an acquittal. Upon a hearing, the trial court granted the defendant's motion on the basis that K.S.A. 40-247 covered a contract of insurance but did not cover a contract of annuity. The State appealed under K.S.A. 22-3602(b)(1), (3).

On June 8, 1992, this court entered an order limiting the appeal of the State to an appeal upon a question reserved by the pros-

ecution under K.S.A. 22-3602(b)(3). In *State v. Hodges,* 241 Kan. 183, Syl. ¶ 1, 734 P.2d 1161 (1987), we said:

"Appeals on questions reserved by the prosecution in criminal actions will not be entertained merely to demonstrate whether or not errors have been committed by the trial court in its rulings adverse to the State. Such questions must be of statewide interest and answers thereto must be vital to a correct and uniform administration of the criminal law."

At the time the defendant was charged in this case, K.S.A. 40-247 provided as follows:

"An insurance agent or broker who acts in negotiating or renewing or continuing a *contract of insurance* by an insurance company lawfully doing business in this state, and who receives any money or substitute for money as a premium for such a contract from the insured, whether he shall be entitled to an interest in same or otherwise, shall be deemed to hold such premium in trust for the company making the contract. If he fails to pay the same over to the company after written demand made upon him therefor, less his commission and any deductions, to which by the written consent of the company he may be entitled, such failure shall be prima facie evidence that he has used or applied the said premium for a purpose other than paying the same over to the company, and upon conviction thereof he shall be deemed guilty of larceny and punished accordingly." (Emphasis added.)

In 1992 the Kansas Legislature amended K.S.A. 40-247 to cover an agent's or broker's action with respect to "a contract of insurance *including any type of annuity.*" (Emphasis added.) K.S.A. 1992 Supp. 40-247.

Based upon the 1992 amendment by the legislature, the question reserved by the State is no longer one of statewide interest, and our answer thereto is no longer vital to a correct and uniform administration of the criminal law. Under *State v. Hodges,* 241 Kan. 183, Syl. ¶ 1, we therefore dismiss the State's appeal.

Appeal dismissed.